# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT LEXINGTON

**CIVIL ACTION NO. 13-358-WOB-CJS**

LEAH ANNETTA KING                                                                  **PLAINTIFF**

v.                            **REPORT AND RECOMMENDATION**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY                              **DEFENDANT**

\* \* \* \* \* \* \* \* \*

Plaintiff, *pro se*, filed this civil action on October 23, 2013, seeking review of the Commissioner's decision denying her claim for Supplemental Security Income Disability Benefits. (R. 1). On March 6, 2014, the Commissioner filed her Answer and the Administrative Record. (R. 10). On March 7, 2014, pursuant to the Court's Standing Order, a Briefing Schedule was entered. (R. 12). This matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). (R. 9).

On April 4, 2014, the Commissioner filed a Notice stating that Plaintiff's service copy of the Answer and Administrative Record was returned to the U.S. Attorney's Office by Federal Express as undeliverable. (R. 13). The Federal Express receipt attached to the Commissioner's Notice indicates that the address was incorrect and Plaintiff had moved. (R. 13-1 at 2). On April 7, 2014, the Court ordered Plaintiff to immediately file a Notice with the Court identifying her updated contact information. (R. 14). The Clerk of Court mailed a copy of this Order to Plaintiff at her last known address in the event that Plaintiff had provided mail forward information to the United States Postal Service. (*Id.*). Plaintiff never provided the Court with her updated contact information.

Under the Court's Briefing Schedule, Plaintiff's Motion for Summary Judgment was to be filed no later than May 5, 2014. After this deadline expired, the Court gave Plaintiff up to and including May 19, 2014, to file her Motion for Summary Judgment, cautioning that if she failed to file her motion as ordered, dismissal for failure to prosecute would be recommended. (R. 15). As of this date, Plaintiff has not filed a motion for summary judgment or other filing, nor otherwise contacted the Clerk of Court about her case.

A federal trial court has authority to dismiss a case with prejudice because of a plaintiff's failure to prosecute her claim. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*.

Plaintiff has now failed to comply with two Orders of this Court. The first ordered her to provide updated contact information, and the second ordered her to file her Motion for Summary Judgment by May 19, 2014. Plaintiff has failed to come forth or otherwise move this proceeding forward. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. at 629-30; and *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

Therefore, **IT IS RECOMMENDED** that Plaintiff's Complaint (R. 1) be **dismissed for failure to prosecute and to comply with the Orders of the Court.**

Dated this 20th day of May, 2014.

Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\social security\13-358 King R&R failure to pros.wpd